HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL FORCE and DIANA FORCE,<br><br>Plaintiffs,<br><br>v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC., and WRIGHT MEDICAL GROUP, INC.,<br><br>Defendants. | CASE NO. 3:12-cv-05687-RBL<br><br>ORDER GRANTING LEAVE TO AMEND<br><br>[Dkt. #13] |

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint Under Rule 12(b)(6) [Dkt. #13]. Plaintiffs' seven claims arise out of Wright Medical's design and manufacture of a hip prosthesis that failed several years after its implantation in Daniel Force's left side. (Pl.'s Resp., Dkt. # 15 at 1.) Wright Medical argues that Plaintiffs' Complaint should be dismissed because it is barred by the "unavoidably unsafe" product defense. Also, they argue that Plaintiffs fail to allege facts sufficient to support their claims. (Def.'s Mot. to Dis., Dkt. #13 at 2.)

Plaintiffs acknowledge that their nonconformance, negligence, and misrepresentation claims should be dismissed. (Pl.'s Resp., Dkt. #15 at 2.) Accordingly, these claims (Claims 3, 5, and 8 in Plaintiffs' Complaint) are DISMISSED with prejudice.

Plaintiffs argue that the facts alleged in support of their remaining claims are sufficient. Alternatively, they seek leave to amend their Complaint in order to cure any deficiencies. Plaintiffs' Motion for Leave to Amend is GRANTED, and Defendants' Motion to Dismiss is DENIED without prejudice.

## I.   DISCUSSION

### A. Legal Standard

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Dismissal is not the remedy for factually deficient complaints that may become sufficient after further amendment. The court has discretion to grant or deny leave to amend, and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d). In determining whether to grant leave, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the

plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  Among these factors, prejudice to the opposing party carries the greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B. Plaintiffs' Factual Allegations are not Sufficient**

Wright Medical correctly argues that Plaintiffs' Complaint lacks sufficient factual allegations.  Instead of pointing out any of their specific factual allegations, Plaintiffs simply state that their factual allegations rise to the level of plausibility.  Like their Complaint, Plaintiffs' Response is full of conclusory statements and does little to advance their cause.  Because factual allegations are absent from the Complaint, Plaintiffs' attempts to compare their case with others is unpersuasive.

Simply alleging that Defendants manufacture the product that failed in Mr. Force's left side does not create a plausible claim.  Liability under the Washington Product Liability Act depends on defects in the product's design, manufacture, or warnings.  The following list provides examples of Plaintiffs' insufficient, conclusory allegations: "[the hip devices] were defective in their manufacture and construction," "they deviated from product specifications and/or applicable federal requirements for these medical devices, posing a serious risk of injury," "[the products] were in a dangerous and defective condition and posed a threat to any user or consumer," and "Defendants failed to provide adequate and timely warnings or instructions…."  (Complaint, Dkt. #2 at 23, 26.)  These are exactly the type of formulaic recitations that *Twombly* and *Iqbal* reject.

The Complaint fails to allege any specifics about the alleged defects, how the product deviated from requirements, what about it was dangerous, or what about the warnings were inadequate.  *Twombly* and *Iqbal* do not set a high bar, but they do require more than Plaintiffs provide.  Therefore, Plaintiffs fail to properly plead their product liability claims.

### C. Motion for Leave to Amend

Even though the Complaint is inadequate, dismissal is not the proper remedy at this time. Plaintiffs have not exhibited undue delay or bad faith. Wright Medical is at little risk of prejudice because discovery has yet to begin. The Court cannot say at this stage that amendment would be futile. While Plaintiffs have not proposed an amendment, if they can add specific facts to their current general allegations, the complaint will state a valid claim. Specifically, Plaintiffs have the potential to overcome Defendants' unavoidably dangerous defense. Therefore, Plaintiffs' Motion for Leave to Amend is GRANTED. The Court reserves ruling on the unavoidably dangerous defense issue.

## II.  CONCLUSION

Plaintiffs' Claims 3, 5, and 8 are **DISMISSED** with prejudice. Plaintiffs' Motion for Leave to Amend [Dkt. #15] is **GRANTED**. Defendants' Motion to Dismiss [Dkt. #13] is **DENIED** without prejudice. Plaintiffs have until **Friday, November 2, 2012**, to sufficiently amend their Complaint and cure the deficiencies described above. Defendants may renew their motion to dismiss if, in their view, the Complaint remains insufficient.

IT IS SO ORDERED.

Dated this 15th day of October, 2012.

Ronald B. Leighton
United States District Judge